UNITED STATES of America,
Plaintiff–Appellee,

v.

Adan LEGUIZAMO–PENA,
Defendant–Appellant.

No. 00–10527.
D.C. No. CR–00–00769–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2001.*

Decided July 25, 2001.

Before HALL, WARDLAW, and
BERZON, Circuit Judges.

MEMORANDUM **

Adan Leguizamo–Pena ("Leguizamo") appeals the district court's application of a sixteen level sentencing enhancement under U.S.S.G. § 2L1.2 for his conviction of an aggravated felony prior to deportation. Specifically, Leguizamo argues that the enhancement was inappropriate because the state of Kentucky placed him on conditional discharge less than ten days after sentencing, and therefore he did not receive a term of imprisonment of at least one year for his prior conviction as required by 8 U.S.C. § 1101(a)(43)(R) and 8 U.S.C. § 1326(b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On November 14, 1995, Leguizamo was convicted in a Kentucky state court of two counts of Possession of a Forged Instrument in the Second Degree, and on April

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

19, 1996, he was sentenced to eighteen months imprisonment. On April 24, 1996, the state court ordered that Leguizamo's sentence be conditionally discharged, effective upon his being taken into the custody of the Immigration and Naturalization Service. After being deported in 1996, Leguizamo was found in Arizona on April 19, 2000 and pled guilty to illegal re-entry after deportation on May 26, 2000.

The district court determined that Leguizamo was an alien "whose removal was subsequent to a conviction for commission of an aggravated felony," 8 U.S.C. § 1326(b)(2), because he had been convicted of "an offense relating to . . . forgery . . . for which the term of imprisonment is at least one year," 8 U.S.C. § 1101(a)(43)(R). The district court concluded that Leguizamo's eighteen month sentence and subsequent conditional discharge qualified as a "term of imprisonment" under 8 U.S.C. § 1101(a)(48)(B). ("Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by the court regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part."). It then applied a sixteen level enhancement pursuant to U.S.S.G. § 2L1.2.

Leguizamo argues that the conditional discharge vacated and replaced the original eighteen-month sentence, and therefore, he did not fall under the purview of 8 U.S.C. § 1326(b)(2). Leguizamo's argument, however, must fail. The commentary to Kentucky statute 533.020, which defines when conditional discharge is appropriate, states that the "concept of conditional discharge . . . merely codifies prior practice and serves to supplant the well-known judicial tool entitled 'suspended sentence.'" Thus, under Kentucky law, Leguizamo's conditional discharge merely suspended his eighteen month sentence. Because Leguizamo was sentenced by the Kentucky court to more than one year imprisonment, his sentence constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(R). We therefore hold that the district court did not err in applying a sixteen level sentencing enhancement under U.S.S.G. § 2L1.2.

AFFIRMED.